IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NU-YOU TECHNOLOGIES, LLC | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:15-cv-3437 |
| | § | JURY DEMAND |
| NICO CHEE-PING, INDIVIDUALLY, | § | |
| AND D/B/A TWIST SPONGE | § | |
| | § | |
| *Defendant.* | § | |

## PLAINTIFF'S COMPLAINT

1. Plaintiff Nu-You Technologies, LLC ("Plaintiff" or "Nu-You") files this Complaint asserting claims for patent infringement of U.S. Patent No. 7,198,050 ("the '050 Patent"), a copy of which is attached hereto as Exhibit "A" against Defendant Nico Chee-Ping, Individually and d/b/a Twist Sponge ("Chee-Ping") under 35 U.S.C. § 271, *et seq*. In support thereof, Nu-You would respectfully show the Court the following:

### PARTIES

2. Nu-You is a Texas limited liability company with its principal place of business located at 8522 Park Lane 2, Dallas, Texas 75231. Nu-You is owned and operated by the two named inventors of the '050 Patent, Brigitte Gopou ("Gopou") and Bruce Boyd ("Boyd").

3. Chee-Ping resides and/or has his principal place of business at 36 High Meadow Rd., Asheville, North Carolina 28803. Chee-Ping conducts business in the State of Texas and within the Northern District of Texas. Chee-Ping does not maintain a registered agent for service

of process in Texas. This lawsuit arises in whole or in part from Chee-Ping's business in Texas. Chee-Ping's agent for service is the Texas Secretary of State under the Texas Long Arm Statute.

## JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant Chee-Ping. Chee-Ping conducts business within the State of Texas and the Northern District of Texas. Chee-Ping, directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and advertises its products in the United States, the State of Texas, and the Northern District of Texas. Chee-Ping has purposefully and voluntarily placed infringing products in the stream of commerce with the expectation that its products will be purchased by end users in the Northern District of Texas. Chee-Ping has committed the tort of patent infringement within the State of Texas and this District.

6. Venue is proper in the Northern District of Texas under 28 U.S.C. §§ 1391(b) and 1400.

## PATENT INFRINGEMENT

7. On April 3, 2007, the United States Patent and Trademark Office ("PTO") issued the '050 Patent to Gopou and Boyd, entitled "Hair Sculpting Device and Methods" after a full and fair examination. Gopou and Boyd have assigned all rights in the '050 Patent, including all rights to enforce the '050 Patent and to recover all past, present and future damages related to the '050 Patent to Nu-You.

8. The patent relates generally to the method of using a handheld device with a plurality of spaced-apart bores to create clumps of hair at substantially regular intervals. Nu-You manufactures and sells a commercial embodiment of the '050 Patent that is named the Nudred. A picture of a Nudred is included below in Figure 1.

9. Nu-You has the right to enforce the '050 Patent and to recover all damages available under law.  Nu-You also has the right to seek injunctive relief with respect to the '050 Patent.

### Infringement of the '050 Patent

10. Chee-Ping manufactures, imports, sells, and/or offers for sell to customers within the United States the TWISTS SPONGE which infringes the '050 Patent ("Accused Product"). The following figure compares a Nudred to an Accused Product.



| Figure 1 ||
| --- | --- |
| Plaintiff's Nudred Product | Example of Accused Product |

11. The Accused Product is meant to be used by pulling it against a person's head after applying a styling liquid to the hair in a manner that will create clumps of hair, commonly referred

to as "dreds" or "twists." A YouTube video on Chee-Ping's website provides instructions on how to practice the patented method with the Accused Product:





12. The Accused Product infringes the '050 Patent and competes directly with Nu-You's own product line.

**Knowledge of the '050 Patent**

13. Nu-You has consistently marked its Nudred products with the patent number for the '050 Patent since the '050 Patent were first issued.

14. Nu-You was the first company to create a product with holes bored into it for use in creating clumps of hair as described by the '050 Patent. Nu-You has always manufactured its Nudred products in the United States, using high-quality foam materials. Shortly after its Nudred product was introduced in the market, a number of individuals, including Chee-Ping, introduced knock-off products that are virtually identical to the Nudred. The Accused Product sold by Chee-

Ping is one of many unauthorized copies of the Nudred that were made to perform the steps of the patented method described in the '050 Patent.

15. At the time of making, selling, offering for sale, using, and importing its unauthorized copy of the Accused Product, Chee-Ping either knew of or was willfully blind to the existence of the '050 Patent. Chee-Ping also knew or was willfully blind to the fact that the Accused Product would be used to infringe the '050 Patent.

16. The Accused Product is offered for sale in the United States. For example, the Accused Product is offered for sale on Amazon.com.

17. Chee-Ping has also had actual knowledge of the '050 Patent and that the use of its products infringes the '050 Patent since at least the date on which it was served with a copy of this Complaint.

## COUNT ONE:  INFRINGEMENT OF '050 PATENT

18. Nu-You realleges the preceding paragraphs herein.

19. Chee-Ping has been and is now infringing, actively inducing infringement, and/or contributorily infringing the '050 patent pursuant to 35 U.S.C. § 271. The infringing acts have included, but are not limited to, the manufacture, use, sale, importation, and/or offer for sale of the Accused Products.

20. By using, testing and/or otherwise demonstrating the Accused Product, in the United States, including using the Accused Product to practice the patented method by Chee-Ping, its agents, or it partners on youtube.com and trade shows for the beauty supply industry, Chee-Ping has directly infringed one or more of Claims 1, 2, 3, 9 and 15 of the '050 Patent, either literally or through the doctrine of equivalents.

21. Accused Products, such as the TWISTS SPONGE, which are used to practice the claims of the '050 patent, are known by Chee-Ping to be especially made or adapted for use to infringe the '050 patent, and are not staple articles or commodities of commerce suitable for substantial non-infringing uses. The shape of the Accused Product, size and spacing of the bores, thickness of the pliable member that forms the bottom surface of the Accused Product, and type of material of the pliable member are all evidence that the Accused Product was especially made or adapted to infringe the '050 Patent. A product with these components cannot be used but to infringe the '050 Patent. This is further supported by the instructions on the box in which the Accused Product is sold specifically instructing purchasers to practice the steps of the patented method.

22. Chee-Ping has also actively, intentionally, and/or knowingly induced the infringement of one or more of Claims 1, 2, 3, 9 and 15 of the '050 Patent by others, either literally or through the doctrine of equivalents. Chee-Ping actively induces infringement of the '050 Patent by those who purchase the Accused Product, among others, by instructing them to use the product in a manner that infringes the '050 Patent. Chee-Ping also actively encouraged others to manufacture, use, sell, offer for sale, and/or import the Accused Product knowing that it will be used to infringe the '050 Patent.

23. The past and continued acts of infringement of the '050 Patent by Chee-Ping has injured Nu-You, entitling it to recover compensatory damages for the infringement in an amount subject to proof at trial. Chee-Ping's actions have caused Nu-You to lose sales of its own product. Chee-Ping sells its product for considerably less than Nu-You sells the Nudred. As a result, through its sales of infringing products, Chee-Ping has eroded the price that consumers in the United States are now willing to pay, even for legitimate products that are protected under the '050 Patent.

24. By copying a Nu-You product for the express purpose of making a knock-off product, and then continuing to sell its Accused Products even after being advised by Nu-You of the '050 Patent, Chee-Ping has infringed the '050 Patent willfully.

25. Chee-Ping's infringement of Nu-You's exclusive rights under the '050 patent will continue to damage Nu-You's business, causing irreparable injury to Nu-You, for which there is no adequate remedy at law, unless Chee-Ping is enjoined by this Court from further infringement.

## MISCELLANEOUS

26. Nu-You has satisfied all conditions precedent to filing this action, or any such conditions that have not been satisfied have been waived.

27. Through this pleading, Nu-You has not elected any one remedy to which it may be entitled, separately or collectively, over any other remedy.

## RELIEF

Plaintiff Nu-You respectfully requests the following relief:

A. That the Court issue a preliminary injunction against Chee-Ping, enjoining it from making, using, selling, or offering for sale in the United States any products, and from undertaking any processes or methods, embodying the patented inventions claimed in the '050 Patent during the pendency of this case;

B. That the Court issue a permanent injunction against Chee-Ping from making, using, selling, or offering for sale in the United States any products, and from undertaking any processes or methods embodying the patented inventions claimed in the '050 Patent;

C. That the Court award damages to Plaintiff Nu-You;

D. That the Court award enhanced damages to Plaintiff Nu-You as a result of Chee-Ping's willful infringement of the '050 Patent;

E. That the Court declare this to be an "exceptional" case under 35 U.S.C. § 285;

F. That the Court award pre-judgment and post-judgment interest on such damages at the highest rates allowed by law;

G. That the Court award Plaintiff Nu-You its costs and attorneys' fees incurred in this action; and

H. That the Court award such other and further relief, at law or in equity, as the Court deems just and proper.

A JURY TRIAL IS DEMANDED BY PLAINTIFF NU-YOU.

Respectfully submitted,

By: */s/ Steven N. Williams*
**Steven N. Williams**
swilliams@mcdolewilliams.com
TX State Bar No. 21577625
**William Zac Duffy**
zduffy@mcdolewilliams.com
TX State Bar No. 24059697
**Brian P. Herrmann**
bherrmann@mcdolewilliams.com
TX State Bar No. 24083174
**MCDOLE WILLIAMS**
A PROFESSIONAL CORPORATION
1700 Pacific Avenue, Suite 2750
Dallas, Texas 75201
(214) 979-1122 - Telephone
(214) 979-1123 – Facsimile

ATTORNEYS FOR PLAINTIFF NU-YOU TECHNOLOGIES, LLC